# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 10-20018-01-KHV |
| LAMONT DRAYTON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On February 10, 2010, a grand jury charged defendant with two counts of possessing cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts 1 and 5); two counts of possessing marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Counts 2 and 6); two counts of unlawfully possessing a firearm in violation of 18 U.S.C. § 924(c) (Counts 3 and 7); two counts of conspiracy to maintain a drug premise within 1000 feet of a school in violation of 21 U.S.C. §§ 846, 856 and 860 (Counts 4 and 9); one count of unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 8); and one forfeiture allegation. This matter comes before the Court on Defendant's Motion To Suppress (Doc. #38) filed July 28, 2010 and Defendant's Motion In Limine (Doc. #34) filed July 12, 2010. On October 19, 2010, the Court held a hearing on the motions. For reasons set forth below, the Court finds that the motions should be overruled.

**I.   Motion To Suppress**

Defendant asks the Court to suppress evidence which the government obtained during execution of a search warrant for 12601 West 97th Terrace, Apt. 200, in Lenexa, Kansas. Specifically, defendant argues that (1) the search warrant affidavit did not provide a substantial basis

for the judge to conclude that the apartment contained evidence of criminal activity and (2) the good faith exception does not apply.

## Facts

On January 11, 2010, Detective Sean Brown of the Lawrence, Kansas Police Department signed an <u>Affidavit For Search Warrant</u> (Doc. #41-2) which stated in pertinent part as follows.[1]

In February of 2009, Detective Brown arrested Lamont Ephriam for narcotics violations. Ephriam told Detective Brown that earlier that month, he had purchased cocaine at a duplex at 1618 West 4th Street in Lawrence. Detective Brown conducted surveillance and trash pulls of the duplex. On April 22, 2009, Detective Brown and others executed a search warrant for the duplex at 1618 West 4th Street and recovered four pounds of marijuana, about half of a pound of cocaine and $6,000 in cash. They also found documents which indicated that four people lived in or were associated with the duplex at 1618 West 4th: Brittany Dorf, Lamont Drayton, Stacy Jackson and Margret Simmons.

On numerous occasions in August and September of 2009, Detective Brown observed Drayton driving a silver Ford Explorer registered to Dorf.

In fall of 2009, law enforcement officers arrested Jackson for selling crack cocaine. Jackson told Detective Brown that the drugs and currency that officers found at 1618 West 4th Street in April of 2009 belonged to Drayton. Officer Shannon Riggs then interviewed Simmons in connection with forfeiture of the currency found at the 1618 West 4th duplex. Simmons told Officer Riggs that the drugs and currency belonged to Drayton. Simmons also told Riggs that in 2008, Drayton had asked

---

[1] The affidavit contains additional details about drug transactions and the relationships among defendants.

her to rent an apartment for him because he did not want to have his name on any paperwork. Simmons said that she, Jackson, Dorf and Drayton had all lived at 1618 West 4th. Simmons said that none of them returned to that duplex after officers searched it in April of 2009.

At some point, Detective Brown learned that Dorf was living at Charter House Apartments, 12601 West 97th Terrace, Apt. 200, in Lenexa, Kansas. On December 21, 22 and 28, 2009, and January 6 and 9, 2010, Detective Brown observed Dorf's silver Ford Explorer parked at that address. On January 11, 2010, Detective Brown learned that Dorf was leasing Apt. 200 at 12601 West 97th Terrace in Lenexa.

On January 11, 2010, Detective Brown and other officers conducted surveillance of the Meadowbrook Apartments in Lawrence. They saw Drayton leave an apartment and get into the silver Ford Explorer carrying a gym bag. Officers then arrested Drayton on outstanding warrants. Drayton had a concealed handgun in his waistband which was listed as stolen from Leavenworth. Police saw marijuana in plain view on the console of the vehicle. Officers opened the gym bag and found powdered cocaine and marijuana packaged for sale. Officers also found a photograph of Dorf and Drayton together, leaning against her Explorer.

That same day, Detective Brown contacted Officer Jason Harwood of the Topeka Police Department. Officer Harwood, a certified K-9 handler, responded to Dorf's apartment at West 97th Terrace in Lenexa with his K-9 – named Magnum – who is certified to indicate on illegal narcotics. Harwood released Magnum from the leash to conduct a sniff of the apartments in the building. Magnum "indicated" on the north door to Apt. 200 and "alerted" on the south door.

On January 11, 2010, Detective Brown completed an application for a search warrant. That same day, Douglas County District Court Judge Michael Malone issued a warrant to search Dorf's

apartment at West 97th Terrace in Lenexa.  Officers searched the apartment and found marijuana, cocaine, guns, ammunition and currency.

## **Analysis**

Defendant argues that the Court should suppress all evidence obtained during the search of Apt. 200 because the affidavit did not provide a substantial basis for the judge to find probable cause for the search.

When reviewing a determination of probable cause for a search warrant, a reviewing court must consider the totality of the circumstances and determine "whether the affidavit established the probability that evidence of criminal activity would be located in the desired search area." United States v. Wittgenstein, 163 F.3d 1164, 1171 (10th Cir. 1998).  An issuing judge's finding of probable cause should be accorded "great deference," and the Court asks only whether the issuing judge had a "substantial basis" for determining that probable cause existed.  Id. 163 F.3d at 1172 (quoting Lawmaster v. Ward, 125 F.3d 1341, 1348 (10th Cir. 1997)).  The issuing judge is permitted to draw reasonable inferences from the affidavit.  See United States v. Biglow. 562 F.3d. 1272, 1280-82 (10th Cir. 2009) (court considers affidavit in flexible, common sense manner; probable cause requires nexus between suspected criminal activity and place to be searched).

Defendant asserts that the affidavit does not provide enough facts to establish probable cause for the search.  Defendant argues that the only information in the affidavit which connected him to the apartment was that he was driving Dorf's Silver Ford Explorer when officers arrested him on January 11, 2010.  The government responds that the affidavit as a whole provided probable cause for the warrant.  The affidavit supported a conclusion that Drayton was living at Dorf's apartment. Specifically, the affidavit stated that Dorf and Drayton had both lived at 1618 West 4th Street in

-4-

Lawrence; had both abandoned that residence after the search in April of 2009; that Dorf had leased the apartment on 97th Street and that Drayton frequently drove Dorf's Silver Explorer. Observations of illegal activity outside the home of a suspected drug trafficker may create probable to search the residence. See United States v. Whitner, 219 F.3d 289, 297-99 (3d Cir. 2000) (evidence of involvement in drug trade likely found where drug dealers reside; fair probability additional evidence of criminal activity would be found in drug dealer's residence).

As to the drug dog sniff, defendant notes that the affidavit did not contain any information about the dog's previous performance or qualification. The affidavit, however, need not outline the drug dog's previous performance. An affiant's failure to specifically describe a drug dog's training and certification is not fatal to the sufficiency of the affidavit. See United States v. Kennedy, 131 F.3d 1371, 1376-77 (10th Cir. 1997) (citing cases). Generally, a search warrant based on a narcotics canine alert is sufficient if the affidavit states that the dog is trained and certified to detect narcotics; "courts should not encumber the affidavit process by requiring affidavits to include a complete history of a drug dog's reliability." Id.; see United States v. Berry, 90 F.3d 148, 153 (6th Cir. 1996) (search warrant application need not describe the particulars of dog's training; reference to dog as a "drug sniffing or drug detecting dog" sufficient to support probable cause). Here, the affidavit stated that the dog was certified to indicate on illegal narcotics.

The government correctly notes that courts have upheld canine sniffs in public areas. See United States v. Scott, 610 F.3d 1009, 1016 (8th Cir. 2010) (narcotics dog sniff of apartment door from common hallway not search subject to Fourth Amendment; government conduct that only reveals possession of contraband does not compromise any legitimate privacy interest); see also United States v. Parada, 577 F.3d 1275, 1282 (10th Cir. 2009) (dog alert to presence of contraband

-5-

sufficient to provide probable cause; declining to adopt stricter rule which would require dog to give final indication before probable cause established). The Court finds that defendant's motion to suppress should be overruled because the affidavit contained sufficient information to establish probable cause that Apartment 200 at 12601 West 97th Terrace contained evidence of a crime.

In the alternative, the government asserts that the Court must overrule defendant's motion under the good faith exception in United States v. Leon, 468 U.S. 897 (1984). Under Leon, even if the warrant lacked probable cause, the evidence obtained during the search is admissible if police officers acted in good faith and reasonably relied on the search warrant. United States v. Price, 265 F.3d 1097, 1102 (10th Cir. 2001). The good faith inquiry is limited to the "objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the [issuing judge's] authorization." Leon, 468 U.S. at 922 n. 23; see United States v. Cook, 854 F.2d 371, 372 (10th Cir. 1988). The government bears the burden of proving that its agents' reliance on the warrant was objectively reasonable. United States v. Corral-Corral, 899 F.2d 927, 932 (10th Cir. 1990). To determine whether an officer relied in good faith on a warrant, the Court must examine the text of the warrant and the affidavit to ascertain whether the agents might have reasonably presumed the warrant to be valid. United States v. McKneely, 6 F.3d 1447, 1454 (10th Cir. 1993); Corral-Corral, 899 F.2d at 932; see also Price, 265 F.3d at 1102 (issue whether affidavit and search warrant sufficient to merit reasonable reliance by officers).

In evaluating the good faith principle, the Court presumes that when an officer relies upon a warrant, the officer is acting in good faith. McKneely, 6 F.3d at 1454. Though not absolute, this presumption carries "some weight." Id. In addition, the knowledge and understanding of law enforcement officers and their appreciation for constitutional intricacies are not to be judged by the

standards applicable to lawyers. United States v. Bishop, 890 F.2d 212, 217 (10th Cir. 1989). Good faith is absent only when an officer's reliance was "wholly unwarranted," McKneely, 6 F.3d at 1454, or "entirely unreasonable," Leon, 468 U.S. at 923. Here, based on the text of the warrant and the supporting affidavit, as well as the evidence presented at the hearing, the officers' reliance on the warrant was objectively reasonable. The Court therefore overrules defendant's motion to suppress.

**II.     Motion In Limine**

A.     Evidence Of Prior Felony Convictions

Defendant first seeks to preclude evidence of prior felony convictions referenced in Count 8, which charges him with unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

As noted in Count 8, defendant was convicted in 2003, in the District Court of Murray County, Oklahoma, of Trafficking in Illegal Drugs – Cocaine; in 2003, in the District Court of Murray County, Oklahoma, of Possession of a Controlled Dangerous Substance – Marijuana, and Unlawful Possession of Drug Paraphernalia. Defendant has offered to stipulate that before January 11, 2010, he had been convicted of felony crimes which were punishable under the laws of the State of Oklahoma by imprisonment for a term exceeding one year. Pursuant to Old Chief v. United States, 519 U.S. 172, 192 (1997), as to the charge of Felon in Possession of a Firearm, the government agrees that it will not introduce evidence as to the nature or substance of the convictions. The Court therefore overrules as moot this aspect of defendant's motion in limine.[2]

---

[2] The government asserts that if defendant testifies or opens the door to this evidence, it will seek leave to introduce the nature and substance of these convictions. See Fed. R. Evid. 609. Additionally, independent of the Old Chief stipulation, the government does not waive an assertion that the evidence is otherwise admissible under Rule 404(b), Fed. R. Evid.

B.  Evidence That Firearm Was Stolen

Defendant also seeks to exclude evidence that one of the firearms which he possessed was stolen. Defendant asserts that introduction of such evidence would violate Rule 404(b), Fed. R. Evid.[3] The government argues that evidence that the firearm was stolen is a factor which the jury can properly consider in connection with the charges for Possessing Firearms in Furtherance of a Drug Trafficking Crime (Counts 3 and 7). Under Tenth Circuit Pattern Instruction 2.45.1, mere presence of a firearm at the scene is not enough to find possession in furtherance of drug trafficking crime. Factors that may help in determining whether possession of a firearm furthers, advances or helps advance a drug trafficking crime include whether the firearm is stolen. See id. At the hearing, defendant conceded that whether the firearm was stolen is relevant to whether he possessed the firearm in connection with drug trafficking. The Court therefore overrules as moot this aspect of the motion in limine.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Suppress (Doc. #38) filed July 28, 2010, and Defendant's Motion In Limine (Doc. #34) filed July 12, 2010, be and hereby are overruled.

---

[3] Rule 404(b), Fed. R. Evid., provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Dated this 15th day of November, 2010 at Kansas City, Kansas.

                                                            s/ Kathryn H. Vratil
                                                          KATHRYN H. VRATIL
                                                          United States District Judge