# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 10-20018-01-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| LAMONT T. DRAYTON, ) | No. 11-2238-KHV |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion To Vacate, Set Aside Or Correct Judgment And Sentencing</u> (Doc. #87) filed April 22, 2011. For reasons stated below, defendant's motion is overruled without prejudice.

On March 22, 2011, the Court sentenced defendant to 240 months in prison. On April 25, 2011, defendant filed his notice of appeal. <u>See</u> Doc. #88. Defendant's present motion seeks to vacate his plea and conviction. Defendant essentially seeks relief under 28 U.S.C. § 2255. Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a Section 2255 motion while a direct appeal is pending. <u>See</u> <u>United States v. Scott</u>, 124 F.3d 1328, 1330 (10th Cir. 1997); <u>United States v. Cook</u>, 997 F.2d 1312, 1319 (10th Cir. 1993); Advisory Committee Note to Rule 5 of the Rules Governing § 2255 Proceedings. The Court therefore overrules defendant's motion as premature.[1]

---

[1] The Court need not address whether it has jurisdiction to entertain defendant's motion, because it would decline to do so in any event. <u>Compare</u> <u>United States v. Hurd</u>, 176 F.3d 490, 1999 WL 285921, at *1-2 (10th Cir. May 7, 1999) (district court without jurisdiction to hear Section 2255 motion while appeal pending) <u>with</u> Advisory Committee Note to Rule 5 of the Rules Governing § 2255 Proceedings (no jurisdictional bar to Section 2255 motion pending appeal). Moreover, because defendant can re-file his motion after his direct appeal is concluded, he is not

(continued...)

**IT IS THEREFORE ORDERED** that defendant's Motion To Vacate, Set Aside Or Correct Judgment And Sentencing (Doc. #87) filed April 22, 2011 be and hereby is **OVERRULED**. Defendant may re-file his motion after his direct criminal appeal is concluded.

Dated this 26th day of May, 2011, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1](...continued)
prejudiced by the Court's decision to overrule his motion as opposed to deferring ruling until his appeal concludes. See United States v. Bey, 208 F.3d 227, 2000 WL 217059, at *2 (10th Cir. Feb. 21, 2000) (Section 2255 motion not successive motion where it was first Section 2255 motion filed after conclusion of direct criminal appeal).