**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 10-20018-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| LAMONT T. DRAYTON, | ) | No. 12-2568-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On March 22, 2011, the Court sentenced defendant to 240 months in prison. On October 19, 2011, the Tenth Circuit dismissed defendant's appeal based on his waiver in the plea agreement. This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #109) filed August 30, 2012. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On February 10, 2010, a grand jury charged defendant with two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 (Counts 1 and 5), two counts of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 (Counts 2 and 6), two counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Counts 3 and 7), conspiracy to maintain a drug-involved premise within 1000 feet of a public elementary school in violation of 21 U.S.C. § 846 (Count 4), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count 8), and maintaining a drug-involved premise within 1000 feet of a public elementary school in violation of 21 U.S.C. § 856 (Count 9). <u>See</u> <u>Indictment</u> (Doc. #3).

Initially, defendant retained Branden A. Bell to represent him. On March 1, 2010, Mr. Bell filed a motion to withdraw because defendant discharged him as counsel. Defendant then retained John M. Duma who entered an appearance on March 15, 2010. After defendant established that he financially qualified for appointment of counsel, the Court appointed Mr. Duma to represent defendant.

Defendant filed a motion to suppress related to the search warrant of an apartment. Defendant argued that the search warrant affidavit did not provide a substantial basis for the issuing judge to conclude that the apartment contained evidence of criminal activity. On November 15, 2010, the Court overruled defendant's motion to suppress. See Memorandum And Order (Doc. #50).[1] On December 13, 2010, the day trial was scheduled to start, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty to Counts 3 and 4. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #56). The agreement proposed a sentence of 240 months in prison and five years of supervised release.[2] Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #57) ¶ 4. As part of the agreement, the government agreed to dismiss the remaining counts including Count 7 which carried a mandatory minimum sentence of 25 years

---

[1] In the same order, the Court overruled as moot defendant's motion in limine related to evidence of his prior convictions because the government had agreed that if defendant would stipulate that he was a convicted felon, it would not introduce evidence as to the nature or substance of those convictions. The Court also overruled as moot defendant's motion in limine related to evidence that the firearm was stolen. At the hearing, defendant conceded that under Tenth Circuit law, in determining whether he possessed the firearm in connection with a drug trafficking crime, the jury could consider whether the firearm was stolen.

[2] Had the defendant been convicted of all counts, he would have been subject to a sentence of 87 to 108 months on the drug charges plus 30 years consecutive for two charges under 18 U.S.C. § 924(c), for a total guideline range of 447 to 468 months in prison. See Presentence Investigation Report (Doc. #73) ¶ 121.

in prison. See id., ¶ 1.

On January 27, 2011, defendant filed a pro se <u>Motion To Withdraw Guilty Plea</u> (Doc. #60). Defendant alleged that Mr. Duma induced him to plead guilty through deception. Defendant also filed a motion for new counsel. Mr. Duma filed a motion to withdraw as counsel. On March 10, 2011, the Court held a hearing on defendant's motions. The Court overruled defendant's motion to withdraw his plea as follows:

> The Court's going to overrule the motion to withdraw your guilty plea. * * * Your first argument is that Mr. Duma induced you to plead guilty through deception. The only deception that you've identified is what we talked about earlier with regard to the DNA evidence. [The] Court finds as a matter of law, that this is not deception.
>
> The Court -- you also argue that Mr. Duma deceived you by telling you that you would receive a plea -- a -- you would receive a plea of 20 years, but that if you did not accept that plea, you could receive 40 years. Again, I'm satisfied, based on what I've heard today, that this was not deception and this is counsel's educated evaluation of the case and that it's firmly based on the case law in this circuit and throughout the United States.
>
> The Court also finds that Mr. Duma did not deprive you of due process by failing to file any motion that you've identified, so I think there's no basis for saying that he induced you to plead guilty through deception.
>
> In deciding whether to let you withdraw your plea, I'm required to consider a number of factors. The first is whether you have asserted actual innocence. This is a pretty easy standard to satisfy, but at this point you have not asserted that you are actually innocent.
>
> Number two factor is whether withdrawal would prejudice the government. The answer to that is yes. Prejudice is inevitable when the government permits the defendant to withdraw the plea after entering it on the first day of trial.
>
> The third factor is whether you delayed in filing your motion, and if so, the reason for the delay. Here, the . . . delay is approximately one and a half months and there's nothing in the motion which suggests newly discovered evidence or any reason why it could not have been filed more timely.
>
> The fourth factor is whether withdrawal would substantially inconvenience the Court. Again, the answer to that is yes. The Court waited until the day of trial

for you to enter your plea and if we were to set aside your plea, it would cause inconvenience to the Court and the attorneys.

The next factor is whether close assistance of counsel was available to you. Based on your statements to the Court at the time of your plea hearing, the Court finds that this factor favors the government. There's no credible evidence which suggests that you did not have close assistance of counsel before, during, or after the plea hearing.

The sixth factor is whether the plea was knowing and voluntary. Again, this factor favors the government. Mr. Drayton, you have not presented any specific information of a single fact about which your lawyer misinformed you or that he misinformed you about the legal consequences of a plea.

There's also no evidence that you plead guilty while you were under a mistaken belief as to the legal effect of your plea. At the time of your plea hearing, you told me that you were familiar with the sentencing guidelines; that you had plenty of time to discuss them with your lawyer; you had a chance to ask all the questions you had about the charges against you, what your rights would be if the case went to trial, what the consequences of a guilty plea might be; that you were satisfied with his representation and advice; you told me that you understood the Plea Agreement; you told me you understood that if I accepted it, you would receive a plea of 20 years; and that counsel advised you that your sentence could be 40 years without the benefit of that particular Plea Agreement. I have heard nothing which suggests that your plea was not knowing and voluntary.

The final factor is waste of judicial resources if the Court were to allow you to withdraw your plea. The Court finds that it would waste judicial resources if I withdraw your plea at this point.

<u>Transcript Of Motions Hearing On March 10, 2011</u> (Doc. #97) at 23-27.

At sentencing on March 22, 2011, defendant orally asked the Court to reconsider its ruling on his motion to suppress and motion to withdraw his plea. The Court overruled both motions as follows:

You covered a lot of topics. One had to do with the issues which the Court considered in connection with the motion to suppress. I had a long hearing on that and issued a written order and I didn't hear anything in your written presentation which suggests to me that would be necessary or appropriate to reconsider any of the issues I've already decided in connection with the motion to suppress.

> The same is true with regard to the motion to withdraw your guilty plea. At our last hearing, I concluded that you had not shown a fair and just reason for withdrawing your guilty plea under Rule 11(d)(2)(D) of the Federal Rules of Criminal Procedure. I have considered your jurisdictional arguments, I have found them to be without merit. I still find them to be without merit.

Transcript Of Sentencing On March 22, 2011 (Doc. #99) at 19-20. At sentencing, defendant initially asked to proceed pro se, but after the Court asked defendant various questions and he consulted with Mr. Duma, he decided to proceed with Mr. Duma as his counsel. See id. at 29-30. Consistent with the recommended sentence in the plea agreement, the Court sentenced defendant to 240 months in prison and five years of supervised release.

Defendant appealed his sentence. On September 27, 2011, the Tenth Circuit dismissed defendant's appeal based on a waiver in the plea agreement. See Order And Judgment (Doc. #101).

On August 30, 2012, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that Mr. Duma was ineffective because (1) during plea negotiations, he coerced and intimated defendant to accept a plea, he did not fully explain the details of the plea agreement including the waiver of appeal and collateral attacks, and he did not explore the possibility of a conditional plea which would have preserved defendant's right to appeal the Court's ruling on pretrial motions and (2) he did not file a motion to suppress evidence based on a GPS tracker which officers placed on his vehicle.

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

## I. Waiver Of Collateral Attacks

In the government's response to defendant's motion, it seeks to enforce the waiver of collateral attacks in the plea agreement, but incorrectly states that the waiver only preserved claims of "ineffective assistance of counsel as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)." Government's Amended Response To Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence And Motion For Enforcement Of Plea Agreement (Doc. #114) filed October 28, 2012 at 3. The government ignores the final sentence of the waiver which states "[n]otwithstanding the forgoing waivers, the parties understand that the defendant in

no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." Plea Agreement (Doc. #57) ¶ 12.[3] Because defendant's claims relate to ineffective assistance of counsel, the Court overrules the government's request to enforce the waiver of collateral attacks. See United States v. Clark, No. 10-20076-12-KHV, Order (Doc. #567) filed February 7, 2013; United States v. Cereceres-Morales, No. 09-20034-01-KHV, 2012 WL 4049801, at *1 n.2 (D. Kan. Sept. 13, 2012); United States v. Perea, No. 08-20160-08-KHV, 2012 WL 851185, at *1 n.1 (D. Kan. Mar. 8, 2012); United States v. Malone, No. 09-20159-01-KHV, 2012 WL 380239, at *2 (D. Kan. Feb. 6, 2012).

## II.    Claim 1 – Ineffective Assistance Related To Plea Negotiations

Defendant claims that Mr. Duma was ineffective because during plea negotiations, he coerced and intimated defendant to accept a plea which was involuntary, he did not fully explain the details of the plea agreement including the waiver of appeal and collateral attacks, and he did not explore the possibility of a conditional plea which would have preserved defendant's right to appeal the ruling on pretrial motions.

### A.    Knowing And Voluntary Plea

Defendant's first two allegations challenge whether his plea was voluntary and knowing. For substantially the reasons which the Court stated on the record when it overruled defendant's motion to withdraw his plea, the Court finds that counsel's performance during plea negotiations

---

[3] The government's error is particularly egregious because it quoted the entire waiver provision (Paragraph 12) except the final sentence which contains the relevant exception. To avoid this error in future cases, the Court expects that before the government asserts a waiver in a plea agreement as a bar to a claim under 28 U.S.C. § 2255, the AUSA will personally review the waiver and determine whether it applies to the specific claims in that case. In addition, in any assertion of waiver to claims under Section 2255, the government must specifically explain why the waiver applies in that case. The Court will summarily overrule any further boilerplate assertions of waiver.

was not deficient or prejudicial. See Transcript Of Motions Hearing On March 10, 2011 (Doc. #97) at 23-27. The Court conducted a thorough inquiry at the plea hearing. At that time defendant affirmed that he understood the charges against him, the maximum prison term of life in prison, the rights which he was waiving and the factual basis for his plea. In his written plea agreement and the plea colloquy, defendant affirmed under oath that he had discussed the plea agreement with counsel, that his plea was free and voluntary, that no one had forced or threatened him to enter it, that no promises were made to induce him to plead guilty, that he was fully satisfied with the advice and representation of counsel and that the only reason he was making a plea was that he was in fact guilty as charged. Nothing in the record suggests that defendant's plea was unknowing or involuntary. Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established. United States v. Glass, 66 Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978).

As evidence of coercion and intimidation, defendant states that counsel told him that if he did not accept a plea and went to trial, he would not win and would receive a sentence of 40 years in prison. Defendant does not explain how such advice was incorrect or prejudicial. For reasons explained by defense counsel at the hearing on defendant's motion to withdraw his plea of guilty, the Court finds that counsel's advice was essentially correct, i.e. if defendant went to trial, a jury likely would have found him guilty on the firearm charges and the guideline sentence would have

been approximately 40 years.[4] See Transcript Of Motions Hearing On March 10, 2011 (Doc. #97) at 16-19. Defendant's conclusory statement that counsel coerced and intimidated him to plead guilty is insufficient to establish that counsel's performance was deficient.

Defendant also alleges that his plea was unknowing because counsel did not fully explain the plea agreement including the waiver provision. Defendant's conclusory allegation is insufficient to establish that counsel's performance was deficient. Even if counsel had failed to fully explain the terms of the plea agreement, defendant has not shown a reasonable probability that but for counsel's alleged error, the results of the plea proceeding would have been different, i.e. that he would not have agreed to plead guilty. See United States v. Young, 206 Fed. Appx. 779, 785 (10th Cir. 2006); Rantz, 862 F.2d at 810-11. In particular, after the Court reviewed the terms of the plea agreement with defendant at the plea hearing including the waiver provision, defendant pled guilty.

The Court overrules defendant's claim that counsel was ineffective during plea negotiations and induced defendant to enter an unknowing and involuntary plea.

B.  Conditional Plea

Defendant alleges that Mr. Duma was ineffective because during plea negotiations, he did not explore the possibility of a conditional plea which would have preserved defendant's right to appeal the ruling on his motion in limine and motion to suppress. Defendant has not shown that counsel's alleged failure to explore a conditional plea was deficient or prejudicial, i.e. a reasonable probability that if counsel had explored a conditional plea and advised him about such pleas, the government would have offered such a plea or that absent such a plea, he would have insisted on

---

[4] The presentence investigation report calculated that had defendant been convicted of all counts, he would have been subject to a total guideline range of 447 to 468 months. See Presentence Investigation Report (Doc. #73) ¶ 121.

going to trial based on his belief that he would ultimately prevail on his pretrial motions before the Tenth Circuit Court of Appeals. See United States v. Carvajal-Mora, 2009 WL 5171822, at *6 (N.D. Okla. Dec. 21, 2009) (no prejudice from counsel's failure to negotiate conditional plea because no allegation that the government or court would have consented to conditional plea); Gould v. United States, 657 F. Supp.2d 321, 328-29 (D. Mass. Sept. 29, 2009) (defendant did not allege facts showing reasonable probability that he would have obtained government and court consent to enter conditional guilty plea); Pena-Carrizoza v. United States, No. 04-cv-475-PGC, 2006 WL 2992556, at *3 (D. Utah Oct. 17, 2006) (no prejudice from failure to advise of possibility of conditional plea because no enforceable right to enter conditional plea and no evidence that government would have agreed to conditional plea).[5] As to the merits of any appeal, defendant has not alleged or shown that he had any sure-fire arguments which suggest that he believed that he would likely ultimately prevail on either motion. Moreover, at the change of plea hearing, defendant acknowledged that the government had ample evidence to convict him. Given that defendant would face a higher sentence (by nearly 20 years) if he proceeded to trial and was convicted, he likely would not have insisted on going to trial in the absence of a conditional plea.

---

[5] Conditional pleas are not commonly offered by most prosecutors. See United States v. Yasak, 884 F.2d 996, 999 (7th Cir. 1989) (government may refuse assent to conditional plea for any reason or no reason); United States v. Fisher, 772 F.2d 371, 373-74 (7th Cir. 1985) (government certainly would not agree to permit appeal without extracting concession such as more onerous sentence); United States v. Carvajal-Mora, No. 08-cr-59-CVE, 2009 WL 5171822, at *6 (N.D. Okla. Dec. 21, 2009); Mackins v. United States, No. 97-cr-22-T, 2009 WL 1563920, at *5 (W.D.N.C. June 1, 2009). In addition, the Court must consent to a conditional plea agreement and such agreements tend to be disfavored. See Gould, 657 F. Supp.2d at 328; see also United States v. Davis, 900 F.2d 1524, 1527 (10th Cir.) (district court has absolute discretion whether to accept or reject conditional plea), cert. denied, 498 U.S. 856 (1990); United States v. Nooner, 565 F.2d 633, 634 (10th Cir. 1977) (stating general disapproval of pleas coupled with agreement that defendant may nevertheless appeal).

For these reasons, the Court overrules defendant's claims of ineffective assistance of counsel related to plea negotiations.

### III.    Claim 2 – Counsel's Failure To File Motion To Suppress

Defendant claims that Mr. Duma was ineffective because he did not file a motion to suppress evidence based on a GPS tracker which officers placed on his vehicle. See Motion Under 28 U.S.C. § 2255 (Doc. #109) at 25.  Pretrial motions were due on June 15, 2010.  At that time, although the Tenth Circuit had not addressed the issue, other Circuit courts had held that a warrant was not necessary for law enforcement officers to install a GPS device on a vehicle for a reasonable time period.  See United States v. Marquez, 605 F.3d 604, 609-10 (8th Cir. May 21, 2010) (warrant not necessary to install GPS device on vehicle for reasonable time period); United States v. Pineda-Moreno, 591 F.3d 1212, 1216-17 (9th Cir. Jan. 11, 2010); United States v. Garcia, 474 F.3d 994, 996–98 (7th Cir. 2007).  Each of these courts relied on United States v. Knotts, 460 U.S. 276, 281-82 (1983), which held that law enforcement officers do not conduct a "search" within the meaning of the Fourth Amendment by using a beeper to track a vehicle because "[a] person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another."  Shortly after the motions deadline in this case, the D.C. Circuit rejected the reasoning of the other Circuit courts and held that using a GPS device for 28 days to monitor a defendant's movements was unconstitutional, see United States v. Maynard, 615 F.3d 544 (D.C. Cir. Aug. 6, 2010).  Even so, Maynard was the only federal appellate authority which rejected the majority view that officers did not need a warrant to install a GPS device on a vehicle for a reasonable time period.

In light of the relevant case law on the issue, counsel's performance was not deficient for failing to file a motion to suppress related to the GPS tracker.  Defendant does not specifically allege

- 11-

that his counsel was ineffective for failing to anticipate the Supreme Court's ruling in 2012 in United States v. Jones, 132 S. Ct. 945 (2012). In any event, the Tenth Circuit has held that counsel's failure to predict future law is not deficient performance. United States v. Carew, 140 Fed. Appx. 15, 18 (10th Cir. June 29, 2005) (counsel's failure to predict Booker's constitutional and remedial holdings not objectively unreasonable); Bullock v. Carver, 297 F.3d 1036, 1052 (10th Cir. 2002); see also Sherrill v. Hargett, 184 F.3d 1172, 1175 (10th Cir. 1999) (counsel generally not ineffective for failing to anticipate arguments or appellate issues that only blossomed after defendant's trial and appeal concluded); cf. United States v. Harms, 371 F.3d 1208, 1212 (10th Cir. 2004) (counsel's failure to recognize potential legal argument not cause for procedural default); Hopkinson v. Shillinger, 954 F.2d 609, 610 (10th Cir. 1992) (same).

Defendant also has not alleged sufficient facts to establish that counsel's failure to file a motion to suppress based on the GPS tracker was prejudicial. In light of the relevant case law when officers placed the GPS device on defendant's vehicle in late 2009 (with the Garcia decision in 2007 from the Seventh Circuit as the only federal appellate decision on the issue), defendant cannot show that the Court would not have applied the good faith exception to the exclusionary rule under United States v. Leon, 468 U.S. 897 (1984). Cf. Davis v. United States, ––– U.S. ––––, 131 S. Ct. 2419, 2434 (2011) (where police conduct search in objectively reasonable reliance on binding appellate precedent, exclusionary rule does not apply); United States v. Fisher, Nos. 10-cr-28, 10-cr-32, 2013 WL 214379, at *2 (W.D. Mich. Jan. 18, 2013) (Davis does not foreclose possibility of applying good-faith exception where only non-binding precedent exists); United States v. Ford, No. 11-CR-42, 2012 WL 5366049, at *11 (E.D. Tenn. Oct. 30, 2012) (reliance on non-binding precedent of three out of four federal circuits to hear GPS tracking device issue was reasonable).

The Court overrules defendant's claim that Mr. Duma was ineffective because he did not

file a motion to suppress evidence based on the GPS tracker which officers placed on his vehicle.

## Conclusion

Defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis, 417 U.S. at 346. The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[6] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on

---

[6] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #109) filed August 30, 2012 be and hereby is **OVERRULED**. A certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** that the government's motion for enforcement of the plea agreement (Doc. #114) filed October 28, 2012 be and hereby is **OVERRULED**.

Dated this 1st day of March, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge