# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 10-20018-01-KHV |
| | ) | |
| LAMONT T. DRAYTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On March 22, 2011, the Court sentenced defendant to 240 months in prison based on a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P. Judgment In A Criminal Case (Doc. #81). The United States Supreme Court recently held that a defendant who pleads guilty under Rule 11(c)(1)(C) is eligible for relief under Section 3582(c)(2) if the Guidelines range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." Hughes v. United States, 138 S. Ct. 1765, 1775 (June 4, 2018); see id. at 1778 (in "usual case," court acceptance of Rule 11(c)(1)(C) agreement and sentence imposed pursuant to agreement are "based on" defendant's Guidelines range). This matter is before the Court on defendant's pro se Motion To Modify Or Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #135) filed June 25, 2018.

On July 13, 2018, the Court directed that the Office of the Federal Public Defender enter an appearance to represent defendant in this proceeding and file a supplement to defendant's pro se motion to reduce sentence. See Memorandum And Order (Doc. #136) at 3. On July 20, 2018, Kirk Redmond, an Assistant Federal Public Defender, entered an appearance for defendant. On September 12, 2018, the Court directed the parties to show cause why the Court should not sustain

defendant's pro se motion. The parties jointly request a reduced sentence of 203 months. Defendant's Response To Order To Show Cause (Doc. #140) filed September 21, 2018 at 1; Government's Response To Court Order (Doc. #141) filed September 21, 2018 at 1. For reasons stated below, the Court grants the parties' request and reduces defendant's sentence to 203 months.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a Guidelines range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements; and (3) defendant must convince the district court to grant relief in light of the sentencing factors found in Section 3553(a). United States v. C.D., 848 F.3d 1286, 1289-90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. Id. at 1289.

**I.   Defendant Is Eligible For Relief Under 18 U.S.C. § 3582(c)(2)**

Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.") lowered the base offense levels for certain quantities in the Drug Quantity Table at U.S.S.G. § 2D1.1. In Hughes, the Supreme Court clarified that a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement falls under the general rule that a defendant's Guidelines range is "both the starting point and a basis for his ultimate sentence." Hughes, 138 S. Ct. at 1776. Absent "clear demonstration, based

-2-

on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines," a defendant who pleads guilty under Rule 11(c)(1)(C) is eligible for relief under Section 3582(c)(2). Id.

Here, the record reflects that defendant's ultimate sentence was based in part on his Guidelines range. See Hughes, 138 S. Ct. at 1775 (sentence pursuant to Rule 11(c)(1)(C) agreement "based on" Guidelines range if range was part of framework court relied on in imposing sentence or accepting agreement). Accordingly, under Hughes and Amendment 782, defendant is eligible for relief under Section 3582(c)(2).

## II.  A Sentence Reduction Is Warranted

The Court may reduce defendant's term of imprisonment, after considering any applicable factors set forth in Section 3553(a), if such a reduction is warranted in whole or in part under the circumstances of the case and is consistent with applicable Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(2); Dillon v. United States, 560 U.S. 817, 827 (2010); see U.S.S.G. § 1B1.10. Among other factors, the Court must consider the nature, seriousness and circumstances of the offense, defendant's history and characteristics, the need to protect the public from further crimes by defendant and any threat to public safety. United States v. Osborn, 679 F.3d 1193, 1195-96 (10th Cir. 2012); U.S.S.G. § 1B1.10 cmt. app. n.1(B)(ii). The Court may also consider post-sentencing conduct. See Osborn, 679 F.3d at 1195; U.S.S.G. § 1B1.10 cmt. app. n.1(B)(iii). Finally, in the context of Rule 11(c)(1)(C) agreements, the Court may consider the benefits which defendant gained under the agreement, "for the statute permits but does not require the court to reduce a sentence." Hughes, 138 S. Ct. at 1777 (quoting Freeman v. United States, 564 U.S. 522, 532 (2011)).

On Count 4, defendant originally had a total offense level of 27 with a criminal history

category III for a guideline range of 87 to 108 months.  See Presentence Investigation Report (Doc. #73), ¶ 119.  Under Amendment 782, defendant's amended guideline range is 70 to 87 months (offense level 25, criminal history category III).  On Count 3, defendant remains subject to a sentence of 60 months with that term to be served consecutive to the term on Count 4.  See id., ¶¶ 118-119 (Guidelines term of incarceration on Count 3 is statutory minimum of 60 months, consecutive to Count 4).  Accordingly, under Amendment 782, the Court cannot impose an amended sentence below 130 months (low end of Guidelines range on Count 4 plus mandatory consecutive sentence of 60 months on Count 3).

In determining whether a reduction of defendant's sentence is warranted and the extent of any reduction, the Court has considered the applicable Section 3553(a) factors including the nature, seriousness and circumstances of the offense, defendant's history and characteristics and the need to protect the public from further crimes by defendant.  In addition, the Court has considered any threat to public safety, defendant's post-sentencing conduct and the parties' joint suggestion that an amended sentence of 203 months is appropriate.  After balancing these factors and considering the parties' responses to the Court's order to show cause, Response To Order To Show Cause (Doc. #140) and Government's Response To Court Order (Doc. #141), the Court finds that a sentence of 203 months in prison is sufficient but not greater than necessary to meet all of the objectives of federal sentencing law.  The Court therefore reduces defendant's sentence to 203 months.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion To Modify Or Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #135) filed June 25, 2018 is **SUSTAINED**.

**IT IS FURTHER ORDERED that pursuant to 18 U.S.C. § 3582(c)(2), defendant's sentence is reduced to a total of 203 months in prison (143 months on Count 4 and 60 months**

**on Count 3, to be served consecutively). Except as provided above, all terms and conditions of the original Judgment In A Criminal Case (Doc. #81) filed March 22, 2011 shall remain in effect.**

Dated this 5th day of November, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge