# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | No. 10-20018-01-KHV |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| **LAMONT T. DRAYTON,** | ) | No. 19-2032-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On March 22, 2011, the Court sentenced defendant to 240 months in prison. On November 5, 2018, the Court reduced defendant's sentence to 203 months under Amendment 782 to the Sentencing Guidelines. This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #144), which the Court also construes as a motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act of 2018, and defendant's <u>Motion For Appointment Of Counsel</u> (Doc. #145), both filed January 22, 2019. For reasons stated below, the Court dismisses defendant's motion to reduce sentence in its entirety for lack of jurisdiction, denies a certificate of appealability and overrules defendant's motion to appoint counsel.

## Factual Background

On February 10, 2010, a grand jury charged defendant with two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 (Counts 1 and 5), two counts of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 (Counts 2 and 6), two counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Counts 3 and 7), conspiracy to maintain a drug-involved premise within 1000 feet of a public elementary school in violation of 21 U.S.C. § 846 (Count 4), being a felon in possession

of a firearm in violation of 18 U.S.C. § 922(g) (Count 8), and maintaining a drug-involved premise within 1000 feet of a public elementary school in violation of 21 U.S.C. § 856 (Count 9). See Indictment (Doc. #3).

On December 13, 2010, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty to Counts 3 and 4. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #56). Consistent with the recommended sentence in the plea agreement, the Court sentenced defendant to 240 months in prison and five years of supervised release. See Judgment In A Criminal Case (Doc. #81) filed March 22, 2011.

Defendant appealed his sentence. The Tenth Circuit dismissed defendant's appeal based on the waiver in his plea agreement. See Order And Judgment (Doc. #101) filed October 19, 2011. On March 1, 2013, the Court overruled defendant's first motion to vacate sentence under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #118).

On November 5, 2018, the Court reduced defendant's sentence to 203 months under Amendment 782 to the Sentencing Guidelines.

In his present motions, defendant asks the Court to reduce his sentence under the First Step Act of 2018, Pub. Law 115-391 (S. 756), 132 Stat. 5194 (enacted Dec. 21, 2018).

## Analysis

I.     **Section 2255 Motion**

As noted, defendant previously filed a Section 2255 motion. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the

district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in deciding whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claim would be time-barred if filed anew in the proper forum, whether the claim is likely to have merit and whether the claim was filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

Defendant's claim under the First Step Act does not satisfy the authorization standards under Section 2255. Defendant has not asserted "newly discovered evidence" or shown that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable. See 28 U.S.C. § 2255(h). Accordingly, the Court dismisses the successive Section 2255 motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on its face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

## II.  Section 3582(c)(1)(B) Motion

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Under Section 3582(c)(1)(B), the Court may modify a term of imprisonment to the extent expressly authorized by statute. Defendant seeks relief under Section 403 of the First Step Act, which prohibits applying the 25-year mandatory term of imprisonment for a second or subsequent Section 924(c) conviction if the first Section 924(c) conviction was not final when the second or subsequent offense was committed. See First Step Act § 403(a). Section 403 of the First Step Act does not apply because defendant pled guilty to a single Section 924(c) offense in this case and his sentence reflects that he did not receive an enhanced sentence based on a prior Section 924(c) conviction. In addition, Section 403 is not retroactive. See First Step Act § 403(b). The only retroactive portion of the First Step Act is Section 404 which permits district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372. See First Step Act § 404(a). Section 404, however, applies to defendants who were sentenced for an offense involving crack cocaine that was committed before August 3, 2010. Defendant was convicted of an offense involving powder cocaine and marijuana. For these reasons, the Court lacks jurisdiction to reduce defendant's sentence under the First Step Act.

## III.  Motion For Appointment Of Counsel

Defendant seeks counsel to assist with his motions under the First Step Act. In determining whether to appoint counsel in a civil case, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims

involved.  See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).  Applying these factors, defendant is not entitled to counsel.  As explained above, the Court lacks jurisdiction to grant relief on defendant's claim under either Section 2255 or Section 3582.  Moreover, defendant's claim is not particularly complex factually or legally, and he is able to adequately present his claim.  The Court therefore overrules defendant's motion to appoint counsel.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #144) filed January 22, 2019, which the Court also construes as a motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act of 2018, is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion For Appointment Of Counsel (Doc. #145) filed January 22, 2019 is **OVERRULED**.

Dated this 6th day of February, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge