# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 10-20018-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| LAMONT T. DRAYTON, | ) | No. 19-3166-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On March 22, 2011, the Court sentenced defendant to 240 months in prison. On November 5, 2018, the Court reduced defendant's sentence to 203 months under Amendment 782 to the Sentencing Guidelines. This matter is before the Court on defendant's <u>Motion For Relief Pursuant To 28 U.S.C. § 2241(d), [Rule] 59(e) And The First Step Act</u> (Doc. #148) filed August 26, 2019, which the Court construes as a second or successive petition under 28 U.S.C. § 2255, and defendant's <u>Motion To Amend Existing 2241(d) [And] 59(e) [Petition] Pursuant To First Step Act</u> (Doc. #149) filed August 26, 2019. For reasons stated below, the Court dismisses defendant's successive Section 2255 motion for lack of jurisdiction and denies a certificate of appealability, and overrules his motion to amend.

### Procedural Background

On February 10, 2010, a grand jury charged defendant with two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 (Counts 1 and 5), two counts of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 (Counts 2 and 6), two counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Counts 3 and 7), conspiracy to maintain a drug-involved premise within 1000 feet of a public elementary school in violation of 21 U.S.C. § 846 (Count 4), being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g) (Count 8), and maintaining a drug-involved premise within 1000 feet of a public elementary school in violation of 21 U.S.C. § 856 (Count 9). See Indictment (Doc. #3).

On December 13, 2010, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty to Counts 3 and 4. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #56). Consistent with the recommended sentence in the plea agreement, the Court sentenced defendant to 240 months in prison and five years of supervised release. See Judgment In A Criminal Case (Doc. #81) filed March 22, 2011.

Defendant appealed his sentence. The Tenth Circuit dismissed defendant's appeal based on the waiver in his plea agreement. See Order And Judgment (Doc. #101) filed October 19, 2011. On March 1, 2013, the Court overruled defendant's first motion to vacate sentence under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #118).

On November 5, 2018, the Court reduced defendant's sentence to 203 months under Amendment 782 to the Sentencing Guidelines.

On February 6, 2019, the Court dismissed defendant's second motion to vacate sentence under 28 U.S.C. § 2255, which the Court also construed under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act of 2018, Pub. Law 115-391, 132 Stat. 5194. Memorandum And Order (Doc. #147). The Court dismissed defendant's second motion to vacate sentence because he had not asserted "newly discovered evidence" or shown that the Supreme Court had made retroactive a new rule of constitutional law that was previously unavailable. See id. at 3 (citing 28 U.S.C. § 2255(h)). In finding that defendant was not entitled to relief under the First Step Act, the Court reasoned as follows:

> A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v.

> Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Under Section 3582(c)(1)(B), the Court may modify a term of imprisonment to the extent expressly authorized by statute. Defendant seeks relief under Section 403 of the First Step Act, which prohibits applying the 25-year mandatory term of imprisonment for a second or subsequent Section 924(c) conviction if the first Section 924(c) conviction was not final when the second or subsequent offense was committed. See First Step Act § 403(a). Section 403 of the First Step Act does not apply because defendant pled guilty to a single Section 924(c) offense in this case and his sentence reflects that he did not receive an enhanced sentence based on a prior Section 924(c) conviction. In addition, Section 403 is not retroactive. See First Step Act § 403(b). The only retroactive portion of the First Step Act is Section 404 which permits district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372. See First Step Act § 404(a). Section 404, however, applies to defendants who were sentenced for an offense involving crack cocaine that was committed before August 3, 2010. Defendant was convicted of an offense involving powder cocaine and marijuana. For these reasons, the Court lacks jurisdiction to reduce defendant's sentence under the First Step Act.

Memorandum And Order (Doc. #147) at 4.

On August 26, 2019, defendant filed the instant motion under 28 U.S.C. § 2241 and Rule 59(e) of the Federal Rules of Civil Procedure  Defendant asserts that during plea negotiations, counsel provided ineffective assistance because he did not advise defendant of the correct statutory penalties under Section 924(c). Motion For Relief (Doc. #148) at 2. Defendant also asserts that the prosecutor misadvised him of the statutory penalties. Id. Finally, defendant asserts that because the First Step Act enacted a "new rule of constitutional law" as to the maximum penalties under Section 924(c), the Court should grant him relief retroactively. Id.

**Analysis**

I. **Basis For Relief Requested In Defendant's Petition**

Initially, the Court must address how to construe defendant's petition that is titled under 28 U.S.C. § 2241 and Rule 59(e) of the Federal Rules of Civil Procedure. The relief sought – not a motion's title – determines how the Court should construe a motion. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006); see also United States v. Torres, 282 F.3d 1241, 1242, 1246

(10th Cir. 2002) (allowing petitioner to avoid bar against successive petitioners by styling petition under different name would erode procedural restraints of Sections 2244(b)(3) and 2255).

After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his sentence is under Section 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 F. App'x 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Failure to obtain relief under Section 2255 does not establish that the remedy so provided is either inadequate or ineffective. Bradshaw, 86 F.3d at 166. Likewise, the mere fact that a prisoner is precluded from filing a time-barred or second Section 2255 petition does not establish that the remedy under Section 2255 is inadequate or ineffective. United States v. Montano, 442 F. App'x 412, 413 (10th Cir. 2011).

Defendant attempts to seek relief under 28 U.S.C. § 2241. Because defendant is confined in Georgia, this Court lacks jurisdiction to hear his claim under Section 2241. See 28 U.S.C. § 2241 (petition must be filed in district where prisoner is confined); Bradshaw, 86 F.3d at 166. In any event, defendant has not shown that his remedy under Section 2255 is inadequate or ineffective. Patel v. Morris, 37 F. App'x 428, 430-31 (10th Cir. 2002) (allowing claims under Section 2241 that would be barred under Section 2255 because remedy "inadequate or ineffective" would allow prisoners to avoid stringent gatekeeping requirements under Section 2255; such procedure contrary to statute and Congressional intent to restrict successive petitions to extremely limited situations); see Brown v. Antonelli, No. 8:19-CV-1344-HMH-JDA, 2019 WL 2360901, at *5 (D.S.C. May 15, 2019) (petitioner failed to show that § 2255 inadequate or ineffective to test legality of his sentence under First Step Act thereby allowing him to file § 2241 petition), report and recommendation adopted, 2019 WL 2358977 (D.S.C. June 4, 2019).

Defendant also seeks relief under Rule 59(e) of the Federal Rules of Civil Procedure.

Because defendant filed his motion to reconsider nearly seven months after the entry of the order, which is well beyond the 28-day deadline under Rule 59(e), the Court addresses whether defendant can seek relief under the more expansive deadline in Rule 60(b). A true Rule 60(b) motion (1) challenges only a procedural ruling (such as timeliness) which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceedings, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006). An issue should be considered part of a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Id. at 1225. When determining the nature of a motion, the Court considers each issue in the motion to determine whether it represents a successive petition, a Rule 60(b) motion or a "mixed" motion. Id. at 1224.

Defendant has not identified any defect in his prior post-conviction proceedings. Instead, defendant asks the Court to resentence him because (1) his counsel and the prosecutor did not advise him of the correct statutory penalties under Section 924(c), and (2) as a "new rule of constitutional law," Section 403 of the First Step Act can be applied retroactively. All of defendant's present claims in substance or effect assert or reassert federal grounds for relief from his underlying conviction and sentence. Because defendant has previously sought relief under Section 2255, the Court construes his claims as part of a second or successive Section 2255 motion. See United States v. Wetzel-Sanders, 805 F.3d 1266, 1268 (10th Cir. 2015) (motion which attacks judgment of conviction or sentence when prior motion already did so constitutes second or successive motion); Spitznas, 464 F.3d at 1216 (motions that assert defect outside context of habeas proceeding constitute second or successive petitions); see also United States v. Moreno,

655 F. App'x 708, 713 (10th Cir. 2016) (motion to reconsider which reargues and expands upon prior substantive challenges to conviction not true Rule 60(b) motion).

## II. Relief Under Section 2255

As noted, defendant previously filed a Section 2255 motion. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in deciding whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claim would be time-barred if filed anew in the proper forum, whether the claim is likely to have merit and whether the claim was filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

Defendant's claims do not satisfy the authorization standards under Section 2255. Defendant has not asserted "newly discovered evidence" or shown that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable. See 28 U.S.C. § 2255(h). Accordingly, the Court dismisses the successive Section 2255 motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on its face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer

of frivolous, time-barred cases).

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

### III. Motion To Amend

Defendant asks to amend his Section 2241 and Rule 59(e) petition to assert a claim under United States v. Davis, 139 S. Ct. 2319 (June 24, 2019), which held that the "residual" clause of the "crime of violence" definition in Section 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336. For substantially the reasons stated above, any such claim would have to be raised under Section 2255. Even if the Supreme Court's holding in Davis and prior cases "necessarily dictate" that they apply retroactively to cases on collateral review, see Tyler v. Cain, 533 U.S. 656, 666 (2001), defendant has not shown that Davis applies here. In part, Section 924(c)(1)(A) makes it unlawful for an individual to possess a firearm in furtherance of either a drug trafficking crime or a crime of violence. The grand jury charged and defendant pled guilty to possessing a firearm in furtherance of a "drug trafficking crime." Indictment (Doc. #3), Count 3; Plea Agreement Pursuant To Fed. R. Civ. P. 11(c)(1)(C) (Doc. #57) filed December 13, 2010, ¶ 1; see also Indictment (Doc. #3), Count 7 (second charge for possessing firearm in furtherance of "drug trafficking crime;" dismissed at sentencing). While Section 924(c)(1)(A) also prohibits possessing a firearm in furtherance of a "crime of violence," defendant's conviction did not rely on that portion of the statute. Because Davis only applies to the definition of a crime of violence,

it has no potential impact in this case.  Accordingly, the Court overrules defendant's motion to amend.

**IT IS THEREFORE ORDERED** that defendant's Motion For Relief Pursuant To 28 U.S.C. § 2241(d), [Rule] 59(e) And The First Step Act (Doc. #148) filed August 26, 2019, which the Court construes as a second or successive petition under 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion To Amend Existing 2241(d) [And] 59(e) [Petition] Pursuant To First Step Act (Doc. #149) filed August 26, 2019 is **OVERRULED**.

Dated this 18th day of September, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge