# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 10-20018-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| LAMONT T. DRAYTON, | ) | No. 19-2758-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On March 22, 2011, the Court sentenced defendant to 240 months in prison. On November 5, 2018, the Court reduced defendant's sentence to 203 months under Amendment 782 to the Sentencing Guidelines. This matter is before the Court on defendant's Application For Habeas Corpus (Doc. #160) filed December 13, 2019, which the Court construes as a successive motion under 28 U.S.C. § 2255. For reasons stated below, the Court dismisses defendant's successive Section 2255 motion for lack of jurisdiction and denies a certificate of appealability.

## Procedural Background

On December 13, 2010, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3) and conspiracy to maintain a drug-involved premise within 1000 feet of a public elementary school in violation of 21 U.S.C. § 846 (Count 4). See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #56). Consistent with the recommended sentence in the plea agreement, the Court sentenced defendant to 240 months in prison and five years of supervised release. See Judgment In A Criminal Case (Doc. #81) filed March 22, 2011.

Defendant appealed his sentence. The Tenth Circuit dismissed defendant's appeal based

on the waiver in his plea agreement. See Order And Judgment (Doc. #101) filed October 19, 2011. On March 1, 2013, the Court overruled defendant's first motion to vacate sentence under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #118).

On November 5, 2018, the Court reduced defendant's sentence to 203 months under Amendment 782 to the Sentencing Guidelines.

On February 6, 2019, the Court dismissed defendant's second motion to vacate sentence under 28 U.S.C. § 2255, which the Court also construed under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act of 2018, Pub. Law 115-391, 132 Stat. 5194. Memorandum And Order (Doc. #147).

On September 18, 2019, the Court dismissed defendant's Motion For Relief Pursuant To 28 U.S.C. § 2241(d), [Rule] 59(e) And The First Step Act (Doc. #148) filed August 26, 2019, which the Court construed as a successive motion under 28 U.S.C. § 2255, and overruled his Motion To Amend Existing 2241(d) [And] 59(e) [Petition] Pursuant To First Step Act (Doc. #149) filed August 26, 2019. See Memorandum And Order (Doc. #150). Defendant appealed that ruling and his appeal remains pending.

On October 22, 2019, in the United States District Court for the Middle District of Alabama, defendant filed a petition under 28 U.S.C. § 2241. See Application For Habeas Corpus (Doc. #1 in M.D. Ala. No. 19-807-MHT and Doc. #160 in D. Kan. No. 10-20018-KHV). On November 13, 2019, Magistrate Judge Charles S. Coody recommended that that court transfer the action to the District of Kansas. See Recommendation Of The Magistrate Judge (Doc. #160-4). Specifically, the magistrate judge found that because Drayton's petition challenged his convictions and sentence, his petition must be considered under Section 2255, not Section 2241. See id. at 3-6. On December 12, 2019, the Honorable Myron H. Thompson of the Middle District of Alabama adopted the magistrate's recommendation and transferred defendant's petition to this Court.

Opinion And Order (Doc. #160-6) at 1-2.

**Analysis**

The Court does not have jurisdiction to address defendant's petition. First, defendant's appeal of this Court's ruling on a substantially similar motion is pending. Subject to certain exceptions, the filing of a notice of appeal divests a district court of jurisdiction. See United States v. Brown, 290 F. App'x 157, 159 (10th Cir. 2008); United States v. Prows, 448 F.3d 1223, 1228 (10th Cir. 2006); United States v. Meyers, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996); see also United States v. Varah, 952 F.2d 1181, 1182-83 (10th Cir. 1991) (pending appeal divests district court of jurisdiction to decide motion for new trial on grounds of newly discovered evidence).

In addition to the pending appeal, the Court lacks jurisdiction to address defendant's petition because it must be construed as a successive and unauthorized motion under Section 2255. As noted above, Judge Thompson transferred defendant's petition to this Court based on the magistrate judge's recommendation that the petition must be construed under Section 2255, not Section 2241. This Court likewise held that defendant's earlier petition titled under Section 2241 must be construed as a Section 2255 motion. See Memorandum And Order (Doc. #150) at 3-5; see United States v. Kirtman, 310 F. App'x 278, 281 (10th Cir. 2009) (bar against successive Section 2255 petitions may not be avoided by simply styling petition under different name); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002) (same); see also United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006) (relief sought, not pleading's title, determines whether pleading is Section 2255 motion). Absent authorization from the Tenth Circuit Court of Appeals, the Court cannot entertain a second or successive Section 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005); Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006). For substantially the reasons stated in the Memorandum And Order (Doc. #150), the Court dismisses

defendant's successive Section 2255 motion rather than transferring it to the Tenth Circuit.  See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on its face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  For reasons stated above and in the Memorandum And Order (Doc. #150), the Court finds that defendant has not satisfied this standard.  The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Application For Habeas Corpus (Doc. #160) filed December 13, 2019, which the Court construes as a second or successive motion under 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 26th day of February, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge