IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 10-20018-01-KHV |
| LAMONT T. DRAYTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

On March 22, 2011, the Court sentenced defendant to 240 months in prison. On November 5, 2018, the Court reduced defendant's sentence to 203 months under Amendment 782 to the Sentencing Guidelines. This matter is before the Court on defendant's <u>Motion For Appointment Of Counsel</u> (Doc. #166) filed May 8, 2020, which seeks counsel to file a motion for compassionate release because of the Coronavirus Disease-2019 ("COVID-19") pandemic. For reasons stated below, the Court overrules defendant's motion.

### Factual Background

Defendant is currently confined at FPC Montgomery, a Bureau of Prisons ("BOP") facility in Montgomery, Alabama. As of May 19, 2020, no inmates and only one staff member at FPC Montgomery had tested positive for COVID-19. <u>See</u> BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (accessed May 20, 2020). Defendant states that because of nervous system problems, chronic asthma and anxiety, he is at a high risk of contracting COVID-19.

### Analysis

Defendant seeks appointment of counsel to assist in filing a motion for compassionate

release.  Under the First Step Act of 2018, Pub. Law 115-391 (S. 756), 132 Stat. 5194 (enacted Dec. 21, 2018), after considering the applicable factors set forth in Section 3553(a), the Court may order compassionate release for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court may entertain requests for compassionate release only upon a motion of the BOP, however, or of defendant after defendant "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion.  See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); see also United States v. Campos, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion).  In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved.  See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).

Applying these factors, defendant is not entitled to counsel.  On the limited record, the Court cannot determine the merits of defendant's request for compassionate release.  Even so, it notes that to date, no inmates and only one staff member at FPC Montgomery have tested positive for COVID-19.  In any event, a claim for compassionate release is not particularly complex factually or legally.  Further, defendant appears able to adequately present his claim.  For these reasons, at this stage, the Court overrules defendant's motion to appoint counsel to assist in filing

a motion for compassionate release.

**IT IS THEREFORE ORDERED** that defendant's Motion For Appointment Of Counsel (Doc. #166) filed May 8, 2020 is **OVERRULED**.

Dated this 21st day of May, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge