IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 10-20018-01-KHV |
| LAMONT T. DRAYTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On March 22, 2011, the Court sentenced defendant to 240 months in prison. On November 5, 2018, the Court reduced defendant's sentence to 203 months under Amendment 782 to the Sentencing Guidelines. This matter is before the Court on defendant's Emergency Application For Modification Of Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) As A Result Of COVID-19 (Doc. #173) filed July 13, 2020. On August 3, 2020, pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

**Factual Background**

Defendant is currently confined at FPC Montgomery, a Bureau of Prisons ("BOP") facility in Montgomery, Alabama. As of August 11, 2020, one inmate and three staff members at FPC Montgomery had tested positive for Coronavirus Disease-2019 ("COVID-19"). See BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (accessed Aug. 11, 2020). Two of the three staff members have recovered. Defendant states that because of his race, asthma, immune deficiency syndrome and history of smoking, he is at a high risk of suffering severe illness or death

should he contract COVID-19.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). Defendant seeks compassionate release under Section 3582(c)(1)(A) based on the COVID-19 pandemic.

### I. Jurisdiction To Grant Relief Under 18 U.S.C. § 3582(c)(1)(A)(i)

Under the First Step Act of 2018, Pub. Law 115-391 (S. 756), 132 Stat. 5194 (enacted Dec. 21, 2018), after considering the applicable factors set forth in 18 U.S.C. § 3553(a), the Court may order compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The Court may entertain requests for compassionate release only upon a motion of the BOP, however, or of defendant after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The requirement to either exhaust administrative remedies or wait until the lapse of 30 days after the warden receives a request is jurisdictional. See United States v. Read-Forbes, No. 12-

20099-01-KHV, 2020 WL 1888856, at *3–5 (D. Kan. Apr. 16, 2020). Defendant does not allege that he has exhausted administrative remedies, but he asserts that where the BOP is unable to grant relief without undue delay, the Court may waive the administrative exhaustion requirement. Beyond the circumstance in which the warden fails to respond to defendant's request within 30 days, the statute contains no exception to the exhaustion requirement. Even if the statute could be read to include a futility exception, defendant has not alleged sufficient facts to establish that pursuit of an administrative remedy would be futile. Because defendant has not alleged that he exhausted administrative remedies or that 30 days have lapsed since he submitted a request for relief to the warden, the Court lacks jurisdiction to grant relief under Section 3582(c)(1)(A).

Even if the Court construed the administrative exhaustion requirement of Section 3582(c)(1)(A) as a claims-processing rule rather than a jurisdictional limitation, the statutory rule would still bar defendant's motion at this time. See Read-Forbes, 2020 WL 1888856, at *4. In contrast with judicially created exhaustion requirements, the Court lacks discretion to excuse defendant's failure to comply with a mandatory statutory requirement to exhaust administrative remedies. Malouf v. Sec. & Exch. Comm'n, 933 F.3d 1248, 1256 (10th Cir. 2019), cert. denied, 2020 WL 1124531 (U.S. Mar. 9, 2020); see Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (exhaustion statutes like Prison Litigation Reform Act of 1995 establish mandatory exhaustion regimes, foreclosing judicial discretion). The COVID-19 pandemic is no exception. See United States v. Alam, 960 F.3d 831, 833–36 (6th Cir. 2020) (enforcing mandatory exhaustion requirement despite seriousness of COVID-19 and its spread in prisons); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (despite COVID-19 pandemic, failure to exhaust presents "glaring roadblock" foreclosing compassionate release at this point).

Whether the exhaustion requirement is jurisdictional or a claims-processing rule, sound policy reasons support the requirement that defendant must first present to the BOP his request for a reduced sentence. The exhaustion requirement helps prevent premature claims and ensures that the agency which possesses the most expertise is given the first shot at resolving defendant's request. See Forest Guardians v. U.S. Forest Serv., 641 F.3d 423, 431 (10th Cir. 2011); see also Raia, 954 F.3d at 597 ("Given BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."). Because defendant is in BOP custody, the BOP is in a better position to initially determine his medical needs, his specific risk of COVID-19 and the risk to inmates generally at FPC Montgomery, the risk to the public if he is released and whether his release plan is adequate. See United States v. Epstein, No. CR 14-287-FLW, 2020 WL 1808616, at *4 (D.N.J. Apr. 9, 2020); see also Alam, 960 F.3d at 835 (preventing prisoners seeking relief because of COVID-19 from charging straight to federal court helps prison administrators prioritize most urgent claims and ensure that they can investigate gravity of conditions supporting compassionate release and likelihood that conditions will persist); United States v. Dickson, No. 19-CR-251-17, 2020 WL 1904058, at *3 (N.D. Ohio Apr. 17, 2020) (BOP better positioned to understand inmate health and circumstances relative to entire prison population and identify extraordinary and compelling reasons for release). Likewise, the BOP is in a better position to coordinate any request for relief under Section 3582(c)(1)(A) with the exercise of its discretion to place a prisoner in home confinement under 18 U.S.C. § 3624(c)(2).

In sum, because defendant has not shown that he has exhausted administrative remedies or the lapse of 30 days after the warden received his request for the BOP to file a motion for relief,

the Court lacks jurisdiction under Section 3582(c)(1)(A).

## II.     BOP Authority Under The CARES Act

Defendant potentially could seek home confinement *from the BOP* under the recently-enacted Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136 (enacted Mar. 27, 2020).  The BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months," 18 U.S.C. § 3624(c)(2).  Under the CARES Act, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2).  Pub. L. 116-136, § 12003(b)(2).  On April 3, 2020, the Attorney General declared that because of COVID-19, "emergency conditions are materially affecting the functioning" of the BOP so that the BOP Director now has authority to grant home confinement to a larger group of prisoners.  See Memorandum from Attorney Gen. William Barr to Dir. of Bureau of Prisons, Apr. 3, 2020, https://www.justice.gov/file/1266661/download.  While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.  See United States v. Engleson, No. 13-CR-340-3(RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP).  Defendant should address any such request, including a proposed placement plan, to his case manager at FPC Montgomery.

**IT IS THEREFORE ORDERED** that defendant's Emergency Application For Modification Of Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) As A Result Of COVID-19

(Doc. #173) filed July 13, 2020 is **DISMISSED for lack of jurisdiction**.

Dated this 12th day of August, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
