IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>v.<br><br>LAMONT T. DRAYTON,<br><br>                          Defendant. | CRIMINAL ACTION<br><br>No. 10-20018-01-KHV |

**MEMORANDUM AND ORDER**

On March 22, 2011, the Court sentenced defendant to 240 months in prison. On November 5, 2018, under Amendment 782 to the Sentencing Guidelines, the Court reduced defendant's sentence to 203 months. This matter is before the Court on defendant's [Motion] Requesting A Recommendation For A Year Of Pre-Release Custody In The Residential Re-Entry Center (RRC) Or In The Alternative A Year Of Home Confinement (Doc. #177) filed December 7, 2022. For reasons stated below, the Court dismisses defendant's motion.

**Analysis**

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons ("BOP") or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c).

**I.    Request For Recommendation For Placement In Residential Reentry Center**

Defendant asks for a judicial recommendation that he serve the final 12 months of his

sentence in a residential re-entry center under the Second Chance Act of 2007, 18 U.S.C. § 3621. In considering placements, the BOP considers a number of factors including any statement by the sentencing court concerning the purposes of the sentence of incarceration and any recommendation by the sentencing court regarding the type of penal or correctional facility.  18 U.S.C. § 3621(b)(4).  At sentencing, defendant did not ask for a recommendation regarding placement in a residential re-entry center during the final months of his sentence and the Court did not specifically address the issue.  Defendant effectively seeks to have his sentence amended to include such a recommendation.  Because Congress has not authorized district courts to amend a defendant's sentence at this time to include a specific recommendation on the timing of any placement in a residential re-entry facility, the Court lacks jurisdiction to do so.[1]  United States v. Aron, No. 08-20169-01-KHV, 2015 WL 13650897, at *1 (D. Kan. Apr. 13, 2015).

**II.   Request For Home Confinement**

Defendant also seeks home confinement under the Coronavirus Aid, Relief and Economic Security Act ("CARES Act"), Pub. L. 116-136 (enacted Mar. 27, 2020).  The BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months," 18 U.S.C. § 3624(c)(2).  Under the CARES Act, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may

---

[1] Even if the Court had jurisdiction to make such a recommendation separate from sentencing at this time, it would not do so.  The BOP routinely decides the timing of placement in a residential re-entry facility without the benefit of the sentencing court's recommendation on the issue.  The Court does not necessarily oppose pre-release placement in a residential re-entry facility, but the BOP is the entity which makes this determination.  See Pasonick v. Strada, No. 12-cv-6204(SLT), 2013 WL 431332, *2 (E.D.N.Y. Feb. 4, 2013) (BOP retains discretion under Second Chance Act to decide whether and when inmate should be placed at residential re-entry facility); 18 U.S.C. § 3621(b) (order, recommendation or request by sentencing court that defendant serve term of imprisonment in community corrections facility not binding on BOP).

"lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2).  While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.  See United States v. Johnson, 849 F. App'x 750, 754 (10th Cir. 2021) (CARES Act does not empower courts to order that inmate's sentence be served in home confinement).  Defendant should address any such request, including a proposed placement plan, to his case manager at FCI Beckley.

**IT IS THEREFORE ORDERED** that defendant's [Motion] Requesting A Recommendation For A Year Of Pre-Release Custody In The Residential Re-Entry Center (RRC) Or In The Alternative A Year Of Home Confinement (Doc. #177) filed December 7, 2022 is **DISMISSED**.

Dated this 25th day of January, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge